**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PRONOVA BIOPHARMA NORGE AS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-286-SLR-MPT |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| PRONOVA BIOPHARMA NORGE AS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-304-SLR-MPT |
| | ) | |
| APOTEX CORP. and, | ) | |
| APOTEX INC. | ) | |
| | ) | |
| Defendants. | ) | |
| PRONOVA BIOPHARMA NORGE AS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-305-SLR-MPT |
| | ) | |
| PAR PHARMACEUTICAL, INC. and, | ) | |
| PAR PHARMACEUTICAL | ) | |
| COMPANIES INC. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

**I. BACKGROUND**

In this patent infringement case, defendants Apotex Inc. and Apotex Corp

("Apotex"), Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. ("Par"),

and Teva Pharmaceuticals USA, Inc. ("Teva") move for issuance of Letters of Request for international judicial assistance pursuant to the Hague Evidence Convention. Plaintiff Pronova BioPharma Norge AS ("Pronova") claims that defendants' Abbreviated New Drug Applications ("ANDA") for a generic version of GlaxoSmithKline's LOVAZA® pharmaceutical product infringe its patents, specifically U.S. Patent Nos. 5,502,077 ("the '077 patent") and 5,656,667 ("the '667 patent").  Defendants maintain that their ANDAs do not infringe Pronova's patents and that the '077 and '667 patents are invalid and unenforceable.  The defendants seek to obtain discovery from the inventors of the '077 and '667 patents and from several individuals who filed declarations in support of patentability during the prosecutions of those two patents.  These inventors and declarants from whom discovery is presently sought reside in either Norway or Sweden.

## II. LEGAL STANDARD

"The Hague Evidence Convention serves as an alternative or 'permissive' route to the federal Rules of Civil Procedure for the taking of evidence abroad from litigants and third parties alike."[1]  "The Convention allows judicial authorities in one signatory country to obtain evidence located in another signatory country 'for use in judicial proceedings, commenced or contemplated.'"[2]  The United States, Sweden, and Norway are contracting states under the Hague Evidence Convention.  Letters of Request are one method of taking evidence pursuant to the Convention.[3]  Upon receipt of a Letter of

---

[1] *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 472 (D. Del. 2003) (citing *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522 (1987)).

[2] *Id.* (quoting Hague Evidence Convention, Art. 1)

[3] There are three:

(1) by a Letter of Request or "letter rogatory" from a U.S. judicial authority to the competent authority in the foreign state . . . , (2) by an American or foreign diplomatic or consular officer

Request, which must provide specific information regarding the lawsuit and the information sought to be discovered, the signatory state "'shall [then] apply the appropriate measure of compulsion' as is customary 'for the execution of orders issued by the authorities of its own country.'"[4]  Individuals to whom a Letter of Request is directed have the right to refuse to give evidence to the extent they are protected by a privilege under either the law of the State of execution or the State of origin.[5]

## DISCUSSION

"'A party which seeks the application of the Hague [Evidence] Convention procedures rather than the Federal Rules [of Civil Procedure] bears the burden of persuading the trial court[]' of the necessity of proceeding pursuant to the Hague Evidence Convention."[6]  "That burden is not great, however, since the 'Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention.'"[7]  In this case, both parties agree that Letters of Request should be used.[8]  The parties' briefing makes clear that the inventors and declarants subject to the defendants' motion are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of either Norway or Sweden, and are not otherwise subject to the jurisdiction of this court.  Under these

---

or agent after permission is obtained from the foreign state, and (3) by a private commissioner duly appointed by the foreign state.
*Tulip Computers Int'l B.V.*, 254 F. Supp 2d at 472 (citation omitted).

[4] *Id.* (citing Hague Evidence Convention, Art. 3, 10).

[5] *Id.* (citing Hague Evidence Convention, Art. 11).

[6] *Id.* at 474 (quoting *Valois of Am., Inc. v. Risdon Corp.*, 183 F.R.D. 344, 346 (D. Conn. 1997)) (alterations in original).

[7] *Id.* (quoting *Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 541).

[8] *See* C.A. No. 09-286, D.I. 43 at 5 ("Pronova does not oppose the use of the Hague Convention as a means for seeking information from the listed individuals."); C.A. No. 09-304, D.I. 55 at 5 (same); C.A. No. 09-305, D.I. 42 at 5 (same).

circumstances, it is appropriate to turn to the Hague Evidence Convention.[9]

Pronova opposes only "certain details" set out in defendants' proposed Letters of Request.[10]   In its answer, Pronova provides, "Should Pronova be able to agree on the substance of the Letters of request with Defendants, Pronova would agree to join the Defendants in their motion to issue the Letters of Request."[11]   Pronova argues that the defendants' Letters of Request are inappropriate to the extent they (1) "contain requests for clearly privileged information;" (2) "contain misleading, argumentative, and/or unfounded statements;" (3) are "unreasonably broad and include requests for information not relevant and/or not reasonably likely to be within the personal knowledge of the specified individual;" (4) "call for legal conclusions from those not qualified to make them;" (5) "request documents with no foundation of existence;" and (6) "improperly request that the deponents prepare for the deposition by going through relevant documents in advance of the deposition."[12]   The defendants characterize Pronova's objections to their motion as mere attempts to inject United States procedural law where it is not required under the Hague Convention.[13]

The court finds unpersuasive Pronova's objections to the defendants' Letters of

---

[9] *See Tulip Computers Int'l B.V.*, 254 F. Supp 2d at 474 ("Resort to the Hague Evidence Convention in this instance is appropriate since both Mr. Duynisveld and Mr. Dietz [individuals alleged to have information relevant to defendants' infringement defenses] are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of the Netherlands, and are not otherwise subject to the jurisdiction of the Court.") (citations omitted).

[10] C.A. No. 09-286-SLR-MPT, D.I. 43 at 5; C.A. No. 09-304-SLR-MPT, D.I. 55 at 5; C.A. No. 09-305-SLR-MPT, D.I. 42 at 5.

[11] C.A. No. 09-286-SLR-MPT, D.I. 43 at 5; C.A. No. 09-304-SLR-MPT, D.I. 55 at 5; C.A. No. 09-305-SLR-MPT, D.I. 42 at 5.

[12] C.A. No. 09-286-SLR-MPT, D.I. 43 at 5–10; C.A. No. 09-304-SLR-MPT, D.I. 55 at 5–10; C.A. No. 09-305-SLR-MPT, D.I. 42 at 5–10.

[13] C.A. No. 09-286-SLR-MPT, D.I. 45 at 2; C.A. No. 09-304-SLR-MPT, D.I. 57 at 2; C.A. No. 09-305-SLR-MPT, D.I. 44 at 2.

Request based on its perception that the defendants' requests are misleading, argumentative, overly broad, otherwise of improper form, or inappropriately call for legal conclusions.  If the defendants' requests suffer from such maladies under the laws of Norway or Sweden, then the requests will presumably be narrowed by the appropriate judicial authorities in those countries.[14]  "The court is content that such officials will make the appropriate determination under their own law."[15]  Equally unpersuasive is Pronova's objection based on what it characterizes as the defendants' request for documents with "no foundation of existence."  As defendants argue, they cannot know exactly what specific information each witness has, and to the extent that a particular witness does not have the information requested, that witness may so state.

The court is also not convinced that the defendants must revise their Letters of Request to clarify that they will not inquire into matters which are subject to the attorney-client or any other applicable privilege, or that they will take the most restrictive view of privilege applicable, whether it be under United States, Norwegian, or Swedish law. Pronova asserts that the defendants' Letters of Request require such revisions.  As the defendants point out, however, Article 3 of the Hague Evidence Convention provides that "[a] Letter *may* also mention any information necessary for the application of Article

---

[14] *Cf. Tulip Computers Int'l B.V.*, 254 F. Supp 2d at 475 ("If Dell's document requests are overly broad under the law of the Netherlands, as Tulip maintains, then the requests will presumably be narrowed by the appropriate judicial authorities in the Netherlands before any documents are produced.").

[15] *Id.  See also Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 542 (" It is well known that the scope of American discovery is often significantly broader than is permitted in other jurisdictions, and we are satisfied that foreign tribunals will recognize that the final decision on the evidence to be used in litigation conducted in American courts must be made by those courts."); *Abbott Labs. v. Impax Labs.*, No. 03-120-KAJ, 2004 U.S. Dist. LEXIS 13487, at *8 n.4 (D. Del. July 15, 2004) ("In the event that Impax's questions exceed the proper scope of discovery in France, the French official present at the deposition will be able to stop or limit the questioning.").

11,"[16] and Article 11 of the Hague Evidence Convention reads:

> In the execution of a Letter of Request the person concerned may refuse to give evidence in so far as he has a privilege or duty to refuse to give the evidence –
>> a) under the law of the State of execution; or
>> b) under the law of the State of origin, and the privilege or duty has been specified in the Letter, or, at the instance of the requested authority, has been otherwise confirmed to that authority by the requesting authority.
>
> A Contracting State may declare that, in addition, it will respect privileges and duties existing under the law of States other than the State of origin and the State of execution, to the extent specified in that declaration.[17]

Article 11 does not dictate that the inventors and declarants to whom the defendants direct their Letters of Request need be apprised of the above right to refuse to give evidence. Under Article 11, these individuals may avail themselves of the privilege provided in this country and in the executing country. These individuals may also obtain counsel. In fact, Pronova's answering brief indicates that eight of the ten individuals to whom the defendants direct their Letters of Request have agreed to be represented in this matter by Pronova's counsel.[18] The court is confident that Pronova's counsel will not forget, in its future representation of these individuals, to express its own views on privilege and, if necessary, to seek this court's opinion with respect to those views.

Finally, on April 23, 2010, Pronova filed a motion for leave to file a surreply with an attached surreply to defendants' motion to issue Letters of Request.[19] From this motion, the court learned that, while the defendants' motion for issuance of its Letters of

---

[16] Hague Evidence Convention, Art. 3 (emphasis added).
[17] Hague Evidence Convention, Art. 11.
[18] C.A. No. 09-286-SLR-MPT, D.I. 43 at 3; C.A. No. 09-304-SLR-MPT, D.I. 55 at 3; C.A. No. 09-305-SLR-MPT, D.I. 42 at 3.
[19] C.A. No. 09-286-SLR-MPT, D.I. 46, 46-1; C.A. No. 09-304-SLR-MPT, D.I. 58, 58-1; C.A. No. 09-305-SLR-MPT, D.I. 45, 45-1.

Request was pending, Pronova and the defendants have had further discussions regarding possible revisions to those letters.  The first exhibit attached to Pronova's April 23, 2010 motion indicates that the parties continue to discuss scheduling depositions of the inventors and declarants to whom the defendants direct their Letters of Request, and that the defendants will allow these inventors, declarants, and/or their attorneys to object, pursuant to applicable law, to giving testimony or producing documents during such depositions.[20]  The second exhibit reflects Pronova's suggested revisions to the defendants' Letters of Request.[21]  Pronova would have the court make much of the fact that "[t]he defendants did not apprise the Court of these discussions, and Pronova is currently still waiting to hear back from Defendants regarding Pronova's April 19, 2010, proposals."[22]  The court lends no weight to this argument and reminds Pronova that the court is fully capable of referencing the court's calendar.

The defendants moved for issuance of their Letters of Request on March 29, 2010.  Pursuant to Local Rule 7.1.2, Pronova had until April 12, 2010—ten days from the defendants' filing—to answer.  Pronova filed its answer early, on April 7, 2010.  The

---

[20]  *See* C.A. No. 09-286-SLR-MPT, D.I. 46, Exhibit A (email from defendants' counsel to Pronova's counsel in which defendants' counsel proposes inserting the following language into each Letter of Request: "The deponent and/or his or her attorney shall have the opportunity to object, pursuant to the applicable law, to giving testimony or producing documents during the deposition."); C.A. No. 09-304-SLR-MPT, D.I. 58, Exhibit A (same); C.A. No. 09-305-SLR-MPT, D.I. 45, Exhibit A (same).

[21]  *See* C.A. No. 09-286-SLR-MPT, D.I. 46, Exhibit B (email from Pronova's counsel to defendants' counsel and accompanying attachment suggesting revisions aimed primarily at disclosing the application of attorney-client privilege); C.A. No. 09-304-SLR-MPT, D.I. 58, Exhibit B (same); C.A. No. 09-305-SLR-MPT, D.I. 45, Exhibit B (same).

[22]  *See* C.A. No. 09-286-SLR-MPT, D.I. 46 at 2; C.A. No. 09-304-SLR-MPT, D.I. 58 at 2; C.A. No. 09-305-SLR-MPT, D.I. 45 at 2.  "Because Defendant's Reply does not inform the court of the foregoing, Pronova respectfully requests permission to file its surreply, so that the Court may be fully informed of the parties discussions in reaching its decision regarding the Defendants' Letters of Request."  C.A. No. 09-286-SLR-MPT, D.I. 46 at 2; C.A. No. 09-304-SLR-MPT, D.I. 58 at 2; C.A. No. 09-305-SLR-MPT, D.I. 45 at 2.

defendants were then required, pursuant to Rule 7.1.2, to file their reply on April 14, 2010—five days after Pronova's answer.  The defendants failed to timely file, instead filing their reply on April 19, 2010, the day their reply would have been due had Pronova taken the full ten days allotted it by Rule 7.1.2 to answer.

Notwithstanding the defendants' failure to timely file their reply, the court makes little of the fact that the defendants' reply, which was filed at 7:32 p.m. (EST) on April 19, 2010, makes no mention of revisions Pronova suggested in an email sent to the defendants that same day at 3:49 p.m. (EST).  Pronova's argument that such action by the defendants is improper strikes the court as misguided, disingenuous, and evidencing, at best, an ignorance of the regularities of motion practice.  The court refuses to attribute any impropriety to the defendants' actions under these circumstances.  To do so would only encourage the sending of emails in the eleventh hour prior to filing deadlines, and the court sees no need to nurture such a perversion of this court's local rules.

Therefore,

For the reasons contained herein, having considered all of the defendants' arguments in support of the issuance of their Letters of Request and Pronova's arguments against issuance of the Letters of Request, including the arguments contained in its motion for leave to file a surreply and its attached surreply,

IT IS ORDERED that

1.  Pronova's motion for leave to file a surreply to defendants' motion to issue Letters of Request (C.A. No. 09-286-SLR-MPT, D.I. 46; C.A. No. 09-304-SLR-MPT, D.I. 58; C.A. No. 09-305-SLR-MPT, D.I. 45) is GRANTED; and

2. The defendants' motion to issue Letters of Request for international judicial assistance pursuant to the Hague Evidence Convention (C.A. No. 09-286-SLR-MPT, D.I. 42; C.A. No. 09-304-SLR-MPT, D.I. 54; C.A. No. 09-305-SLR-MPT, D.I. 41) is GRANTED.[23]

IT IS FURTHER ORDERED that

The defendants prepare and submit revised Letters of Request containing signature lines which reflect Magistrate Judge Mary Pat Thynge's management of the discovery matters in this case.  Such revised Letters of Request will be issued and returned to the defendants' counsel for delivery to the proper authorities.[24]


Date:  April 27, 2010                        /s/ Mary Pat Thynge_____
                                             UNITED STATES MAGISTRATE JUDGE

---

[23] The court notes that its decision to grant this motion in no way abrogates Pronova's ability to raise appropriate objections to the discovery defendants seek in the future.

[24] This court's order of April 27, 2010, and copies of the same, upon request, should be made available to any Norwegian or Swedish authorities and any individuals or their representatives from whom the defendants seek to take evidence.