IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PRONOVA BIOPHARMA NORGE AS, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 09-286-SLR-MPT |
| v. | ) ) | |
| TEVA PHARMACEUTICALS USA, INC. | ) ) | |
| Defendant. | ) ) ) | |

## TEVA PHARMACEUTICALS USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT OF PRONOVA BIOPHARMA NORGE AS

Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA") hereby answers the First Amended Complaint ("the Amended Complaint") filed by Pronova Biopharma Norge AS ("Pronova") as follows:

### THE PARTIES

1.     Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies same.

2.     Admitted.

### NATURE OF THE ACTION

3.     To the extent that paragraph 3 states legal conclusions, no answer is required. To the extent that an answer is required, Teva USA admits that this action arises under 35 U.S.C. § 271(e)(2) with respect to U.S. Patent No. 5,502,077 ("the '077 patent") and U.S. Patent No. 5,656,667 ("the '667 patent"), and that it submitted Abbreviated New Drug Application ("ANDA") No. 91-028 to FDA. Teva USA denies the remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4.      To the extent that paragraph 4 states legal conclusions, no answer is required.  To the extent an answer is required, Teva USA does not contest subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) in this action.

5.      To the extent that Paragraph 5 states legal conclusions, no answer is required.  To the extent an answer is required, Teva USA does not contest personal jurisdiction in this action.

6.      To the extent that paragraph 6 states legal conclusions, no answer is required.  To the extent an answer is required, Teva USA does not contest venue in this action.

## FIRST COUNT FOR PATENT INFRINGEMENT

7.      Teva USA admits that according to the face of the '077 patent, it is entitled "Fatty Acid Composition" and issued on March 26, 1996.  Teva USA further admits that what appears to be a true and correct copy of the '077 patent was attached to the Amended Complaint as Exhibit A.

8.      Without knowledge and information sufficient to form a belief that Pronova is the assignee and owner of the '077 patent, Teva USA denies the allegations.

9.      Teva USA admits that according to the Electronic Orange Book, the '077 patent is scheduled to expire on March 26, 2013.

10.      The allegation in paragraph 10 is a generalization which fails to sufficiently define the claims of the '077 patent and is therefore denied.

11.      Admitted upon information and belief.

12.      Without knowledge and information sufficient to form a belief regarding the allegations in paragraph 12, Teva USA denies these allegations.

2

13.     Teva USA admits that it submitted to the FDA an ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act ("FFDCA"), which has been assigned the number 91-028 by the FDA.

14.     Teva USA admits that it is seeking FDA approval to engage in the commercial manufacture, use, or sale of Omega-3-Acid Ethyl Esters Capsules, 1 g ("Teva ANDA product"), which are the subject of ANDA 91-028.  Teva USA denies the remaining allegations in paragraph 14.

15.     Upon information and belief, Teva USA admits that, on March 12, 2009, Pronova received Teva USA's March 9, 2009 Notice of ANDA No. 91-028 Concerning Omega-3-Acid Ethyl Esters Capsules, 1g, With Paragraph IV Certification Concerning U.S. Patent Nos. 5,502,077 and 5,656,667 ("Notice Letter"), which was sent pursuant to FFDCA § 505(j) and 21 C.F.R. § 314.95(c).

16.     Teva USA admits that its Notice Letter states that it is seeking FDA approval for the Teva ANDA product, Omega-3-Acid Ethyl Esters Capsules, 1g, and refers to the Notice Letter for a complete recitation of terms.  Teva USA denies the remaining allegations in paragraph 16.

17.     Denied.

18.     Denied.

## SECOND COUNT FOR PATENT INFRINGEMENT

19.     Teva USA repeats and incorporates herein by reference its responses to paragraphs 7-18.

20.     Teva USA admits that according to the face of the '667 patent, it is entitled "Fatty Acid Composition" and issued on August 12, 1997.  Teva USA further admits that what appears

3

to be a true and correct copy of the '667 patent was attached to the Amended Complaint as Exhibit C.

21.     Without knowledge and information sufficient to form a belief that Pronova is the assignee and owner of the '667 patent, Teva USA denies the allegations.

22.     Teva USA admits that according to the Electronic Orange Book, the '667 patent is scheduled to expire on April 10, 2017.

23.     The allegation in paragraph 26 is a generalization which fails to sufficiently define the claims of the '667 patent and is therefore denied.

24.     Admitted upon information and belief.

25.     Denied.

26.     Denied.

### THIRD COUNT FOR PATENT INFRINGEMENT

27.     Teva USA repeats and incorporates herein by reference its responses to paragraphs 7-26.

28.     Teva USA admits that according to the face of U.S. Patent No. 7,678,930 ("the '930 patent"), the '930 patent is entitled "Process for Decreasing the Amount of Cholesterol in a Marine Oil Using a Volatile Working Fluid" and issued on March 16, 2010.  Teva USA further admits that what appears to be a true and correct copy of the '930 patent was attached to the Amended Complaint as Exhibit B.

29.     Without knowledge and information sufficient to form a belief that Pronova is the assignee and owner of the '930 patent, Teva USA denies the allegations.

30.     Without knowledge and information sufficient to form a belief regarding the allegation in paragraph 30, Teva USA denies the allegation.

31.     The allegation in paragraph 31 is a generalization which fails to sufficiently define the claims of the '930 patent and is therefore denied.

32.     Denied.

33.     Teva USA further answers that any allegations in the Amended Complaint requiring a response from Teva USA not specifically admitted are denied.  Teva USA also denies that Pronova is entitled to the judgment and relief prayed for in paragraphs 1) - 12) of the Amended Complaint.

## TEVA USA'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

34.     The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

35.     The manufacture, use, offer for sale, sale or importation of Omega-3-Acid Ethyl Esters Capsules, 1 g, products specified in ANDA No. 91-028 does not and will not infringe any valid and enforceable claim of the '077 patent, either literally or under the doctrine of equivalents.

36.     The manufacture, use, offer for sale, sale or importation of Omega-3-Acid Ethyl Esters Capsules, 1 g, products specified in ANDA No. 91-028 does not and will not infringe any valid and enforceable claim of the '667 patent, either literally or under the doctrine of equivalents.

37.     The manufacture, use, offer for sale, sale or importation of Omega-3-Acid Ethyl Esters Capsules, 1 g, products specified in ANDA No. 91-028 does not and will not infringe any valid and enforceable claim of the '930 patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense

38.     Claims of the '077 patent are invalid under 35 U.S.C. §§ 101 *et seq.*

39.     Claims of the '667 patent are invalid under 35 U.S.C. §§ 101 *et seq.*

### Fourth Affirmative Defense

40.     Claims of the '077 patent are invalid for obviousness-type double patenting.

41.     Claims of the '667 patent are invalid for obviousness-type double patenting.

YCST01:9771479.1                                                          058956.1029

Teva USA specifically reserves the right to assert each and every other defense that may become evident in the course of discovery.

WHEREFORE, defendant Teva USA prays that the Court enter judgment against plaintiff Pronova and in favor of Teva USA, dismissing with prejudice each of the claims asserted by Pronova, and that the Court award Teva USA attorneys' fees and expenses and any other relief it deems to be just and proper.

Dated: June 8, 2010

John W. Shaw (No. 3362)
Michele Sherretta Budicak (No. 4651)
Pilar G. Kraman (No. 5199)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
pkraman@ycst.com
(302) 571-6600

*Attorneys for Defendant,*
*Teva Pharmaceuticals USA, Inc.*

*Of Counsel:*

GOODWIN PROCTER LLP
David M. Hashmall
Frederick H. Rein
Gregory T. Sandidge
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

058956.1029

## <u>CERTIFICATE OF SERVICE</u>

I, Pilar G. Kraman, Esquire, hereby certify that on June 8, 2010, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Tiffany Geyer Lydon, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on June 8, 2010, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record, and on the following non-registered participants in the manner indicated:

> James B. Monroe, Esquire
> Anthony C. Tridico, Esquire
> Jennifer H. Roscetti, Esquire
> FINNEGAN, HENDERSON, FARABOW,
> GARRETT & DUNNER, LLP
> 901 New York Avenue, N.W.
> Washington, DC 20001-4413
> james.monroe@finnegan.com
> anthony.tridico@finnegan.com
> jennifer.roscetti@finnegan.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

John  W. Shaw (No. 3362)
Pilar G. Kraman (No. 5199)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
pkraman@ycst.com

YCST01:9110431.1                                                           058956.1029