IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRONOVA BIOPHARMA NORGE AS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Civil Action No. 09-286-SLR |
| TEVA PHARMACEUTICALS USA, INC., | ) ) |
| Defendant. | ) |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Pronova BioPharma Norge AS ("Pronova"), by way of its Second Amended Complaint against Defendant Teva Pharmaceuticals USA, Inc. ("Teva"), alleges as follows:

**THE PARTIES**

1. Pronova is a corporation organized and existing under the laws of Norway with its corporate headquarters at Vollsveien 6, 1366 Lysaker, Baerum, Norway. Pronova is engaged in the research, development, manufacture and sale of pharmaceutical products.

2. Upon information and belief, Teva is a corporation organized under the laws of the State of Delaware, and its principal place of business is located at 1090 Horsham Road, North Wales, Pennsylvania 19454-1090.

**NATURE OF THE ACTION**

3. This is an action for infringement of U.S. Patent No. 5,502,077 ("the '077 patent"), U.S. Patent No. 5,656,667 ("the '667 patent"), U.S. Patent No. 7,678,930 ("the '930 patent") and U.S. Patent No. 7,718,698 ("the '698 Patent) arising under the United States patent laws, Title 35, United States Code, §100 *et seq.*, including 35 U.S.C. §§ 271 and 281. This action relates to

Teva's filing of an Abbreviated New Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market generic pharmaceutical products.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, this Court has jurisdiction over Teva. Upon information and belief, Teva directly, or indirectly, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. Upon information and belief, Teva purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Teva's generic products. Teva has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by filing suit in this jurisdiction and by asserting counterclaims in other civil actions initiated in this jurisdiction.

6. Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and § 1400(b).

## FIRST COUNT FOR PATENT INFRINGEMENT

7. The U.S. Patent and Trademark Office ("PTO") issued the '077 patent on March 26, 1996, entitled "Fatty Acid Composition." A copy of the '077 patent is attached as Exhibit A.

8. The '077 patent is assigned to Pronova. Pronova is the owner of the '077 patent as recorded by the PTO at Reel 019795, Frame 0594.

9. The '077 patent expires on March 26, 2013.

10. The '077 patent claims, *inter alia*, methods of using omega-3-acid ethyl esters.

11. The '077 patent is listed in Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") for New Drug Application ("NDA") No. 21-654, which the FDA approved on November 10, 2004.

12. Omega-3-acid ethyl esters manufactured by Pronova are sold in the United States under the trademark Lovaza®.

13. Upon information and belief, Teva filed with the FDA ANDA No. 91-028 under Section 505(j) of the Act, 21 U.S.C. § 355(j).

14. Upon information and belief, Teva's ANDA No. 91-028 seeks FDA approval to engage in the manufacture, use or sale in the United States of generic products containing omega-3-acid ethyl esters ("Teva's generic products").

15. On March 12, 2009, Pronova received a letter from Teva dated March 9, 2009, purporting to be a Notice of Certification for ANDA No. 91-028 ("Teva's 91-028 letter") under Section 505(j)(2)(B)(ii) of the Act and 21 C.F.R. § 314.95(c).

16. Teva's 91-028 letter alleges that Teva's generic products for which it seeks approval contain omega-3-acid ethyl esters.

17. Upon information and belief, Teva's generic products will, if approved and marketed, infringe at least one claim of the '077 patent.

18. Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '077 patent by submitting, or causing to be submitted to the FDA, ANDA No. 91-028 seeking approval for the commercial marketing of Teva's generic products before the expiration of the '077 patent.

{00420164;v1}

## SECOND COUNT FOR PATENT INFRINGEMENT

19. Pronova realleges, and incorporates in full herein, paragraphs 7-18.

20. The PTO issued the '667 patent on August 12, 1997, entitled "Fatty Acid Composition." A copy of the '667 patent is attached as Exhibit B.

21. The '667 patent is assigned to Pronova. Pronova is the owner of the '667 patent as recorded by the PTO at Reel 019795, Frame 0594.

22. The '667 patent expires on April 10, 2017.

23. The '667 patent claims, *inter alia*, omega-3-acid ethyl ester compositions and methods of using omega-3-acid ethyl esters.

24. The '667 patent is listed in the Orange Book for NDA No. 21-654.

25. Upon information and belief, Teva's generic products will, if approved and marketed, infringe at least one claim of the '667 patent.

26. Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '667 patent by submitting, or causing to be submitted to the FDA, ANDA No. 91-028 seeking approval for the commercial marketing of Teva's generic products before the expiration of the '667 patent.

## THIRD COUNT FOR PATENT INFRINGEMENT

27. Pronova realleges, and incorporates in full herein, paragraphs 7-26.

28. The PTO issued the '930 patent on March 16, 2010, entitled "Process for Decreasing the Amount of Cholesterol in a Marine Oil Using a Volatile Working Fluid." A copy of the '930 patent is attached as Exhibit C.

29. The '930 patent is assigned to Pronova. Pronova is the owner of the '930 patent as recorded by the PTO at Reel 019795, Frame 0594.

30. The '930 patent expires on November 12, 2025.

31. The '930 patent claims, *inter alia*, a process for decreasing the amount of cholesterol in a marine oil using a volatile working fluid.

32. Upon information and belief, Teva will infringe at least one claim of the '930 patent under U.S.C. § 271(g) by commercially manufacturing Teva's generic products under ANDA No. 91-028 by a process patented in the United States and, without authority, import into the United States or offer to sell, sell, or use in the United States Teva's generic products.

## FOURTH COUNT FOR PATENT INFRINGEMENT

33. Pronova realleges, and incorporates in full herein, paragraphs 9-32.

34. The PTO issued the '698 patent on May 18, 2010, entitled "Process for Decreasing Environmental Pollutants in an Oil or a Fat" A copy of the '698 patent is attached as Exhibit D.

35. The '698 patent is assigned to Pronova. Pronova is the owner of the '698 patent as recorded by the PTO at Reel 019795, Frame 0594.

36. The '698 patent expires on July 8, 2023.

37. The '698 patent claims, *inter alia*, a process for decreasing the amount of environmental pollutants in a fat or oil using a volatile working fluid.

38. Upon information and belief, Teva will infringe at least one claim of the '698 patent under U.S.C. § 271(g) by commercially manufacturing Teva's generic products under

ANDA No. 91-028 by a process patented in the United States and, without authority, import into the United States or offer to sell, sell, or use in the United States Teva's generic products.

**WHEREFORE**, Plaintiff Pronova respectfully requests that the Court enter judgment in its favor and against Defendant Teva on the patent infringement claims set forth above and respectfully requests that this Court:

1) enter judgment that, under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '077 patent through Teva's submission of ANDA No. 91-028 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale and/or sale in the United States of Teva's generic products before expiration of the '077 patent;

2) order that the effective date of any approval by the FDA of Teva's generic products be a date that is not earlier than the expiration of the '077 patent, or such later date as the Court may determine;

3) enjoin Teva from the commercial manufacture, use, import, offer for sale and/or sale of Teva's generic products until the expiration of the '077 patent, or such later date as the Court may determine;

4) enjoin Teva and all persons acting in concert with Teva, from seeking, obtaining or maintaining approval of Teva's ANDA No. 91-028 until expiration of the '077 patent;

5) enter judgment that, under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '667 patent through Teva's submission of ANDA No. 91-028 to the FDA to obtain approval for the commercial manufacture, use, import, offer for

sale and/or sale in the United States of Teva's generic products before expiration of the '667 patent;

6) order that the effective date of any approval by the FDA of Teva's generic products be a date that is not earlier than the expiration of the '667 patent, or such later date as the Court may determine;

7) enjoin Teva from the commercial manufacture, use, import, offer for sale and/or sale of Teva's generic products until the expiration of the '667 patent, or such later date as the Court may determine;

8) enjoin Teva and all persons acting in concert with Teva, from seeking, obtaining or maintaining approval of Teva's ANDA No. 91-028 until expiration of the '667 patent;

9) enter judgment that, under 35 U.S.C. § 271(g), Teva will infringe at least one claim of the '930 patent by importing into the United States or offering to sell, selling, or using in the United States Teva's generic products made by a patented process claimed in the '930 patent before expiration of the '930 patent;

10) enjoin Teva from the commercial manufacture, use, import, offer for sale and/or sale of Teva's generic products until the expiration of the '930 patent, or such later date as the Court may determine;

11) enter judgment that, under 35 U.S.C. § 271(g), Teva will infringe at least one claim of the '698 patent by importing into the United States or offering to sell, selling, or using in the United States Teva's generic products made by a patented process claimed in the '698 patent before expiration of the '698 patent;

12) enjoin Teva from the commercial manufacture, use, import, offer for sale and/or sale of Teva's generic products until the expiration of the '698 patent, or such later date as the Court may determine;

13) declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Pronova costs, expenses and disbursements in this action, including reasonable attorney fees; and

14) award Pronova such further additional relief as this Court deems just and proper.

{00420164;v1}

                    ASHBY & GEDDES

                    */s/ Steven J. Balick*

                    _____
                    Steven J. Balick (I.D. #2114)
                    John G. Day (I.D. #2403)
                    Tiffany Geyer Lydon (I.D. #3950)
                    500 Delaware Avenue, 8th Floor
                    P.O. Box 1150
                    Wilmington, DE 19899
                    (302) 654-1888
                    sbalick@ashby-geddes.com
                    jday@ashby-geddes.com
                    tlydon@ashby-geddes.com

                    *Attorneys for Plaintiff Pronova BioPharma Norge AS*

*Of Counsel:*

James B. Monroe
Anthony C. Tridico
Jennifer H. Roscetti
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413
(202) 408-4000


Dated: June 30, 2010