IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRONOVA BIOPHARMA NORGE AS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 09-286-SLR-MPT |
| | ) |
| TEVA PHARMACEUTICALS USA, INC. | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY AND/OR TO STRIKE PORTIONS OF D.I. '122 (PRONOVA'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ISSUE LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE EVIDENCE CONVENTION)**

Defendant Teva Pharmaceuticals USA, Inc.("Teva") hereby moves for leave to file a 2 page sur-reply (inclusive of the caption and signature block) and/or to strike portions of the reply submission of plaintiff Pronova Biopharma Norge AS ("Pronova") in support of its motion for issuance of letters of request that were improperly reserved for Pronova's Reply in violation of Local Rule 7.1.3(c)(2). The grounds for this motion are as follows:[1]

1. Local Rule 7.1.3(c)(2) requires that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." Nonetheless, in its reply brief in support of its motion for issuance of letters of request, D.I. 122, Pronova for the first time blames Teva for Pronova's own lack of diligence in moving forward with overseas discovery. (*Id.* at 1 ("Pronova was forced to file its Hague motion . . .

---

[1] Counsel certifies that they have made reasonable efforts under Local Rule 7.1.1 to resolve this motion.

1

principally because of Teva's empty assurances that it would cooperate and provide third party discovery well within the fact discovery cut-off date"), 2 ("From at least early-June 2010, Teva has led Pronova to believe that it would receive third party discovery without having to resort to a Hague motion.").[2]

2. Pronova never made these (unfounded) accusations in its original motion.

3. Pronova cited no documents or support for this accusation in its original motion or in its reply.

4. Pronova cited no documents or support for this accusation because there are no documents and there is no other support for this accusation.

5. Had Pronova made these accusations in a full and fair opening motion, Teva would have responded in full with the complete communication history between the parties on this subject.

6. These communications show that Teva never gave any assurances that it would produce the proprietary and confidential information of foreign third parties relating to the manufacture of omega-3 acid ethyl esters, including Drug Master File ("DMF") 22100. Indeed, Teva informed Pronova early in the discovery period (when only the Orange Book patents, with product and method of use claims, were asserted) that it did not have possession, custody or control of that DMF or the other information now requested by Pronova, and produced the documents showing that foreign third parties possessed this information. A sur-reply brief would submit this information for consideration by the Court.

---

[2] Even if, *arguendo*, Pronova were correct, it could have earlier moved for issuance of letters of request while negotiating with Teva, just as Teva (and other defendants) moved for issuance of letters of requests for foreign based inventors and declarants while negotiating with Pronova over the depositions of those inventors and declarants.

7. A sur-reply brief would also submit the other communications between the parties, all of which show that no assurances ever were made by Teva, and that Teva did not lead Pronova to any belief except that Teva had no ability to compel the third parties to produce information to Pronova.

8. This Court has condemned tactics such as undertaken by Pronova as a violation of Local Rule 7.1.3(c)(2) for "impermissible 'sandbagging.'" *Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.*, No. 00-589-GMS, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002); *accord Allergan, Inc. v. Alcon Inc.*, No. 05-968-GMS, D.I. 93, at 3 (D. Del. June 13, 2005); *see also Insilco Techs., Inc. v. DLJ Merchant Banking, Inc.*, 394 B.R. 747, 748 n.2 (D. Del. 2008); *Jordan v. Bellinger*, No. 98-230-GMS, 2000 WL 1239956, at *5 n.7 (D. Del. Aug. 28, 2000).

9. Depriving Teva of the opportunity to rebut Pronova's accusations undermines the adversarial process. *In re Intel Corp. Microprocessor Antitrust Litig.*, No. 05-1717-JJF, 2008 WL 4861544, at *14 (D. Del. Nov. 7, 2008); *see also Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, No. 97-529-MMS, 2000 WL 135129, at *1 n.4 (D. Del. Jan. 13, 2000).

10. If Pronova truly believed it was misled by Teva or reasonably relied on purported assurances by Teva, there is no reason why Pronova could not have stated this directly in its opening paper. But Pronova's opening paper never stated that it was misled or that Teva had assured it in any way that it could secure the requested materials. Pronova only recounted some of Teva's voluntary efforts to assist, but these efforts do not constitute assurances of foreign third party cooperation, nor were they misleading in any way. More important, Pronova never made the inflammatory and inaccurate statements that appear in its reply.

FOR THE REASONS SET FORTH ABOVE, Teva respectfully requests the Court to grant this motion and to permit either a two-page sur-reply and/or to strike and to not consider

Pronova's arguments that it was misled by Teva or reasonably relied on purported assurances by Teva, as described above.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ John W. Shaw
John W. Shaw (No. 3362)
Pilar G. Kraman (No. 5199)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
(302) 571-6600
*Attorneys for Defendant
Teva Pharmaceuticals USA, Inc.*

*Of Counsel:*

GOODWIN PROCTER LLP
David M. Hashmall
Frederick H. Rein
Gregory T. Sandidge
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Dated: September 15, 2010

4

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on September 15, 2010, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Tiffany Geyer Lydon, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on September 15, 2010, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record, and on the following non-registered participants by e-mail:

> James B. Monroe, Esquire
> Anthony C. Tridico, Esquire
> Jennifer H. Roscetti, Esquire
> FINNEGAN, HENDERSON, FARABOW,
> GARRETT & DUNNER, LLP
> 901 New York Avenue, N.W.
> Washington, DC 20001-4413
> james.monroe@finnegan.com
> anthony.tridico@finnegan.com
> jennifer.roscetti@finnegan.com

> YOUNG CONAWAY STARGATT
> & TAYLOR, LLP
>
> /s/ John W. Shaw
> John W. Shaw (No. 3362)
> Pilar G. Kraman (No. 5199)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> jshaw@ycst.com